UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: SARA M. BLESSING, No. 21-10902-j7

Debtor.

**MEMORANDUM OPINION AND ORDER
REQUIRING DEBTOR TO ADD ENTITIES TO THE MAILING LIST
AND FIXING DEADLINE FOR COMPLIANCE**

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 27, 2021. *See* Doc. 1. On August 25, 2021, Debtor filed Schedules A through J and a Statement of Financial Affairs. *See* Doc. 14. Debtor included two landlords on Schedule G (one for her personal residence and one for a commercial building Debtor rents for her business) and two co-debtors on Schedule H. The Office of the Clerk issued a notice of error because it appeared that Schedules A through J included entities that were not listed on the mailing list ("Mailing List") submitted with the petition or by an update to the Mailing List, specifically, the two landlords listed on Schedule G and the two co-debtors listed on Schedule H. *See* Notice of Error dated August 25, 2021.

On September 1, 2021, the Court entered an order fixing a deadline of September 15, 2021 for Debtor to either (1) comply with the requirements of NM LBR 1009-1(c) and (d); or (2) file a statement explaining why compliance with NM LBR 1009-1(c) and (d) is not required. Order Requiring Compliance with NM LBR 1009-1 ("Order" - Doc. 15).

Debtor complied with the Order by filing Debtor's Response to Order Requiring Compliance with LBR 1009-1 (Doc. 18) by the September 15, 2021 deadline.

# DISCUSSION

Debtor asserts it was unnecessary to include the landlords and co-debtors on the Mailing List because they are not creditors. The Court disagrees.

Debtor explains that she omitted from the Mailing List two landlords listed on Schedule G and two co-debtors listed on Schedule H under the theory that such parties are not creditors of the Debtor and therefore need not be listed. Debtor does not want her landlords to know she filed bankruptcy. She believes such notice is not required because the landlords are not owed any money as she is current on her lease payments.

Debtor likewise did not include two co-debtors on the Mailing List because she did not owe the co-debtors any money on the petition date. One of the co-debtors is a boyfriend who co-signed Debtor's vehicle loan, and the other is Debtor's limited-liability company ("LLC"), of which she owns 100%. Debtor listed her LLC as a co-debtor because she personally guaranteed three of the LLC's business loans.

Counsel for Debtor explained that he has filed numerous chapter 7 cases, and that, historically, when he received notices of error from the Clerk's office for not including entities on the Mailing List that were listed on Schedules G and H, he would explain to the case manager that the scheduled entities are not creditors. The case manager would then terminate the notice of error. In this case, however, the case manager referred the matter to chambers for direction.

Notwithstanding Counsel's historical experience, Debtor must include the two landlords and co-debtors on the Mailing List regardless of whether the leases are current or the co-debtors have unliquidated, contingent claims on the petition date. The Bankruptcy Rules and this Court's local rules both require inclusion on the Mailing List of all entities listed on Schedules G and H.

*The Bankruptcy Rules and Local Rules require inclusion
of the landlords and co-debtors on the Mailing List*

Both Fed.R.Bankr.P. 1007(a) and NM LBR 1009-1(c) clearly require inclusion on the Mailing List of all entities listed on Schedules G and H. This is so regardless of whether Debtor is current on her obligations under an unexpired lease on the petition date or whether the co-debtor's claim is contingent and unliquidated. Bankruptcy Rule 1007(a) uses mandatory language:

> In a voluntary case, the debtor *shall* file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms.

Fed.R.Bankr.P. 1007(a) (emphasis added). And the language is not limited to creditors.[1] Any entity[2] listed on Schedules G and H *must* be included on the list mandated by Rule 1007(a), and that list is used to create the official Mailing List used for the case. The instructions accompanying Official Form 106G (Schedule G) explain that "[*u*]*nexpired leases* are leases that are still in effect; the lease period has not yet ended[,]" and includes "[l]eases for business."[3] The instructions accompanying Official Form 106H (Schedule H) explain that "if someone cosigned for the car loan that you owe, you must list that person on this form."[4]

Similarly, NM LBR 1009-1 includes the following requirements:

---

[1] The language of NM LBR 1009-1(c) is likewise mandatory and is not limited to creditors. NM LBR 1009(c)(1) ("If schedules D, E/F, G, or H were not filed with the petition and they contain creditors or *other parties in interest* not included in the original mailing list, the debtor *shall* file an amendment to the mailing list that identifies the name and address of each additional creditor or *other party in interest*.") (emphasis added).
[2] "Entity" has the broadest definition and encompasses both individuals and virtually all organizations and associations. 11 U.S.C. § 101(15) ("The term 'entity' includes person, estate, trust, governmental unit, and United States trustee."); 11 U.S.C. § 101(41) ("The term 'person' includes individual, partnership, and corporation . . . .").
[3] Instructions–Bankruptcy Forms for Individuals, U.S. Bankruptcy Court, p. 26 (Dec. 2015, rev. Dec. 2020).
[4] *Id.* at p. 27.

-3-

(c) <u>Amendment to Mailing List.</u> If schedules D, E/F, G, or H were not filed with the petition and they contain creditors or other parties in interest not included in the original mailing list, the debtor shall file an amendment to mailing list that identifies the name and address of each additional creditor or other party in interest.

(d) <u>Notice to Added Entities.</u> If a debtor files an amended schedule or an amendment to mailing list to add a creditor or other party in interest, the debtor shall contemporaneously serve notice of the bankruptcy case on the entity added. The notice shall conform substantially to the local form and shall be filed in the case. *Note: Form NM LF 1009-1(d) was created by the clerk for compliance with this rule.*

NM LBR 1009-1(c) and (d).

Schedules G and H are not limited to entities that the debtor owes past-due amounts as of the petition date. If the Debtor is required to list an entity on Schedule G or H, the Bankruptcy Rules and this Court's local rules require the entity to be included on the Mailing List so the entity receives notice of the bankruptcy. "Creditor Mailing List" or "Creditor Mailing Matrix" is really a misnomer. Though most parties included on the Mailing List are creditors, the Mailing List also includes other parties in interest, such as the United States Trustee and case trustee. The language of the Bankruptcy Rule and this Court's local rule is not limited to "creditors." Debtor has not complied with the requirements of Fed.R.Bankr.P. 1007(a) and NM LBR 1009-1(c) and (d).

*In any event, the omitted landlords and co-debtors are creditors*

Even if a debtor is current on a residential lease on the petition date, the landlord still meets the Bankruptcy Code's definition of "creditor."[5] "Creditor" is defined as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning

---

[5] *See* 9 Collier on Bankruptcy ¶ 1007.02[1] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The list [required by Fed.R.Bankr.P. 1007(a)] must therefore include parties to executory contracts [and unexpired leases] listed on Schedule G and co-debtors listed on Schedule H, who are normally also creditors as that term is defined in section 101.").

the debtor."[6] In turn, the Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, legal, equitable, secured or unsecured,"[7] and defines "debt" as "liability on a claim."[8] "A debtor's obligations for rent under a lease arise when the lease is signed, and all of the obligations, whether or not matured, constitute a debt within the meaning of 11 U.S.C. §§ 102(12)." *Meadows v. Hagler (In re Meadows)*, 428 B.R. 894, 902 (Bankr. N.D. Ga. 2010) (citing *Midwest Holding #7, LLC v. Anderson (In re Tanner Family, LLC)*, 556 F.3d 1194 (11th Cir. 2009)).

Further, for chapter 7 debtors, an unexpired lease that the chapter 7 trustee does not assume within 60 days after the date of the order for relief automatically is deemed rejected. 11 U.S.C. § 365(d)(1) ("In a case under chapter 7 of this title, if the trustee does not assume or reject an . . . unexpired lease of residential real property . . . of the debtor within 60 days after the order for relief . . . then such . . . lease is deemed rejected."). As a practical matter, this happens in nearly all no-asset individual chapter 7 cases. Rejection of a lease does not terminate the lease but instead constitutes a breach of a lease, giving rise to a claim that is treated as a pre-petition claim against the bankruptcy estate.[9] Thus, the deemed rejection of an unexpired lease results in a pre-petition claim against the bankruptcy estate even if the lease was current on the petition

---

[6] 11 U.S.C. § 101(10A).
[7] 11 U.S.C. § 101(5A).
[8] 11 U.S.C. § 101(12).
[9] 11 U.S.C. § 365(g) ("[T]he rejection of an . . . unexpired lease of the debtor constitutes a breach of such . . . lease . . . immediately before the date of the filing of the petition . . . ."); 11 U.S.C. § 502(g) ("A claim arising from the rejection, under section 365 of this title . . . of an . . . unexpired lease of the debtor . . . shall be allowed . . . or disallowed . . . the same as if such claim had arisen before the date of the filing of the petition."); *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) (rejection of an executory contract or unexpired lease gives rise to a pre-petition claim against the estate but "does not terminate the contract."); *Energy Income Fund, L.P. v. Compression Solutions, Co., L.L.C. (In re Magnolia Gas Co., L.L.C.)*, 255 B.R. 900, 922 (Bankr. W.D. Okla. 2000) (rejection of an unexpired lease grants the lessor "a prepetition claim for damages arising from such breach, typically measured by the terms of contract and applicable state law.").

date. In addition, the definition of "creditor" in 11 U.S.C. § 101(10)(B) specifically includes entities with a claim under 11 U.S.C. § 502(g) resulting from the rejection of an unexpired lease or executory contract.

As for co-debtors, those persons might have a claim for indemnity or contribution against the debtor, which claims would fall within the Code's broad definition of "claim." 2 Collier on Bankruptcy ¶ 101.05[1] (Richard Levin & Henry Sommer eds., 16th ed.) ("Under the broad definition in the Code, 'claim' may include . . . subrogation as well as contribution and indemnity claims, the claim for contribution of a co-debtor ex-spouse who paid more than [his/]her proportionate share of joint debts . . . ."). And, "[a] contingent claim for contribution also renders creditor status." *Id.* at ¶ 101.10.

Debtor's counsel explained that it often causes his chapter 7 individual debtor clients some inconvenience if their landlords learn about their bankruptcy case, and he sees no reason why such entities need to know about the bankruptcy case if the debtor is current on rental payments as of the petition date. Though it may cause debtors some inconvenience, omitting landlords from the Mailing List is contrary to the requirements of Fed.R.Bankr.P. 1007(a) and NM LBR 1009-1(c). "The debtor is not permitted to omit creditors from the list because the debtor does not want those creditors affected by the bankruptcy case or does not want them to know about the case or for any other reason." *The Cadle Co. v. King (In re King)*, 272 B.R. 281, 299 (Bankr. N.D. Okla. 2002) (quoting 4 Collier on Bankruptcy ¶ 521.03[1] (Richard Levin & Henry J. Sommer eds., 16th ed.)). As explained above, even if a debtor is current on the lease as of the petition date, the debtor's landlord nevertheless is a creditor. Co-debtors are also entitled to notice of the debtor's bankruptcy case.

*There are good reasons to include entities
on Schedules G and H on the Mailing List*

It is important that entities on Schedules G and H are included on the Mailing List because "[m]erely scheduling a creditor in Schedules D, E/F, G or H will not place the creditor on the Matrix or ensure that the creditor gets notice [of the debtor's bankruptcy]." *In re Mazik*, 592 B.R. 812, 816 (Bankr. E.D. Pa. 2018). "The requirement of notice is a foundational part of the Bankruptcy Code." *In re Long*, 564 B.R. 750, 757 (Bankr. S.D. Ala. 2017). Including the entities on Schedules D, E/F, G and H on the Mailing List ensures that those entities, whether as creditors or as parties in interest, receive adequate notice of the Debtor's bankruptcy case so that they are afforded an opportunity to participate. *See Long,* 565 B.R. at 757 ("The right to be heard as 'little reality of worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce, or contest.'" quoting *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)).

Further, "[t]he obligation to list all creditors is part of the debtor's duty of full disclosure that is the *quid pro quo* for the fresh start provided by the discharge." *King*, 272 B.R. at 299 (citing *In re Hicks*, 184 B.R. 954, 957 (Bankr. C.D. Cal. 1995)). And the Bankruptcy Code's broad definition of "claim" and "debt" ensures that debtors are provided "with the broadest possible relief under § 727(b)[,]" namely, a discharge. *Renfrow v. Grogan (In re Renfrow)*, No. 17-10385-R, 2019 WL 1782625, at *22 (Bankr. N.D. Okla. 2021), *supplemented*, 629 B.R. 83 (Bankr. N.D. Okla. 2021).

Based on the automatic rejection of a lease upon a chapter 7 trustee's failure to assume, a debtor could vacate the premises and assert that all future rental obligations were discharged. *See In re Harrison*, No. 19-22088 (JKS), 2021 WL 1941621, at *2 (Bankr. D.N.J. Feb. 19, 2021) (discussing the issue). On the other hand, the landlord could argue that rejection of the lease is a

material breach entitling the landlord to terminate the lease, even if the lease was current at the time of rejection, unless the debtor waives discharge of the obligations under the lease. *See In re Blair*, 534 B.R. 787, 789 (Bankr. D.N.M. 2015) (discussing the issue). These potential implications give the landlord a good reason to need to know of the bankruptcy case.

Similarly, co-debtors have a good reason to know of a bankruptcy filing by another co-debtor. A co-debtor may have an indemnification or contribution claim against the debtor based on a claim for reimbursement from the debtor if the co-debtor pays the debt for which both are liable.[10] Debtor could argue that any indemnification or contribution claims were discharged in her bankruptcy case even if the claims were contingent and unliquidated on the petition date.[11] A creditor whose claim might be discharged in the bankruptcy case has the right to know of the case.

## CONCLUSION

For the foregoing reasons, the Court will order Debtor to add the landlords and co-debtors to the Mailing List

WHEREFORE, IT IS HEREBY ORDERED that by November 8, 2021 Debtor must comply with the requirements of Fed.R.Bankr.P. 1007(a) and NM LBR 1009-1(c) by adding the entities identified on Schedules G and H to the Mailing List and providing those entities with notice of Debtor's bankruptcy filing.

---

[10] E.g. RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 22 (1996) ("[I]t is the duty of the principal obligor to reimburse the secondary obligor to the extent that the secondary obligor . . . performs the secondary obligation . . . ."); *In re AOG Ent., Inc,* 558 B.R. 98, 109 (Bankr. S.D.N.Y. 2016) ("[A] guarantor has a right of indemnity against the principal obligor.") (citations omitted).

[11] *See In re Parker,* 313 F.3d 1267, 1269 (10th Cir. 2002) (adopting the "conduct theory" for when claims arise for purposes of bankruptcy and holding that a malpractice claim arose for purposes of bankruptcy on the date the malpractice occurred).

ORDERED further, that if Debtor fails to comply with this order, Debtor risks the possibility of denial or revocation of discharge for failure to abide by an order of the Court consistent with 11 U.S.C. §§ 727(a)(6) and (d) and Fed.R.Bankr.P. 4004(b)(2).

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 19, 2021

COPY TO:

William H Ivry
Attorney for Debtor
PO Box 263
Santa Fe, NM 87504-0263

Sara M. Blessing
P.O. Box 24293
Santa Fe, NM 87502

United States Trustee
PO Box 608
Albuquerque, NM 87103